### LAURETTE K. EIRICH
*vs.*
### STATE MUTUAL LIFE ASSURANCE CO. OF WORCESTER, MASS.

Superior Court       New Haven County       File No. 56217

127 Conn. 252          MEMORANDUM FILED APRIL 2, 1940.

*Pond, Morgan & Morse,* of New Haven, *Israel J. Jacobs,* of New Haven, for the Plaintiff.

*Waller, Gallup & Anderson,* of New London, for the Defendant.

WYNNE, J. The court is unable to agree with the reasoning and conclusion of plaintiff's brief. There is no ambiguity in the language of the exemption clause. Its purpose seems clear. Suicide is expressly exempted. The reason for this is obvious. In deaths resulting from poisoning or asphyxiation it could be claimed in nearly every case that the deceased had not intended self-destruction. It is apparent from the language of the contract that such deaths were, therefore, deliberately eliminated from the provisions of the policy. For the sake of argument it might be suggested that the term "drowning" had been included with "poisoning" and "asphyxiation." It becomes clear at once that such an accident policy would not be practical. There are too many cases of accidental drowning. Therefore, such an exemption would be unreasonable to include within the terms of an offered policy. Not so "poisoning" and "asphyxiation" which are relatively less frequent as hazards of daily life against which an insured might seek protection. In the court's mind the employment of the unqualified terms of "poisoning" and "asphyxiation" in the clause which had already listed "self-destruction" negatives any idea that circumstances or intent would make the slightest difference.

The language is so clear and unequivocal that judgment must be, and therefore is, entered for the defendant.